# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUAN J. CASTRO,**

      **Plaintiff,**

**-vs-**                                       **Case No.  6:08-cv-27-Orl-18DAB**

**INTERAMERICAS FOOD and**
**BEVERAGES, INC., ALFONSO CORNEJO**
**and CONSULEO CORNEJO,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS INTERAMERICAS FOOD AND BEVERAGES, INC., ALFONSO CORNEJO AND CONSUELO CORNEJO (Doc. No. 11)**
>
> **FILED:**    **July 7, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendants Interamericas Food and Beverages, Inc., Alfonso Cornejo and

Consuleo Cornejo for unpaid overtime wages and violation of the minimum wage provision, as well

as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,*

herein "the FLSA").[1]  Doc. No. 1.  Following service of process on Defendants (Doc. Nos. 6-8),

---

[1]Plaintiff is voluntarily abandoning his breach of contract claim.  Doc. No. 11 at 1 n. 2.

Defendants failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 9) on May 5, 2008. A default was entered on May 6, 2008. Doc. No. 10. Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. Nos. 11-2, 11-3); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendant Interamericas Food and Beverages, Inc. from June 15 to October 2007. Doc. No. 11-3. Defendants Alfonso Cornejo and Consuleo Cornejo were owners and officers of Interamericas Food and Beverages, Inc., who acted in the corporation's interest and constitute statutory employers under 29 U.S.C. § 203(d). Doc. No. 1 ¶¶ 8-9. During his employment, Plaintiff's regular rate of pay was $350 per week. *Id.* ¶ 3. Plaintiff worked an average of 12 hours of overtime per week from June 15 to October 2007, for which he did not receive overtime wages from Defendants, for 228 total hours and $767.22 owed. *Id.* ¶ 4. As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime and unpaid wages in the amount of $767.22 and liquidated damages of an equal amount, for a total of $1,534.44.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing

plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.  This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $1,824 for attorney's fees and $436.25 for costs.  Doc. No. 11-2. Plaintiff's counsel avers that he spent 5.7 hours of time prosecuting this matter, at an hourly rate of $300.00 per hour; and his paralegal spent 1.2 hours at a rate of $95 per hour.  Doc. No. 11-2.  Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal appears reasonable for the tasks completed.  Doc. No. 11-2.  The Court finds $300.00 per hour for attorney work and $95.00 per hour for paralegal work to be a reasonable rate in this FLSA case.  "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness."  *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants Interamericas Food and Beverages, Inc., Alfonso Cornejo and Consuleo Cornejo in the amount of **$1,534.44** in damages, **$1,824.00** in attorney's fees, and **$436.25** in costs (filing fee and service of process charges).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on August 28, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy